**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1140**

JOSE ARMANDO SANCHEZ; AMANDA MARIBEL ANDINO SEVILLA; J.A.S.A.,

        Petitioners,

        v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: September 16, 2015      Decided: October 1, 2015

Before NIEMEYER, WYNN, and FLOYD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Thomas K. Ragland, BENACH RAGLAND LLP, Washington, D.C., for Petitioners. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, John W. Blakeley, Assistant Director, Margaret Kuehne Taylor, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Armando Sanchez, his wife, Amanda Maribel Andino Sevilla, and their minor son, J.A.S.A.,[*] natives and citizens of Honduras, petition for review of an order of the Board of Immigration Appeals (Board) dismissing their appeal from the immigration judge's denial of Sanchez's requests for asylum, withholding of removal, and protection under the Convention Against Torture. We have thoroughly reviewed the record, including the transcript of Sanchez's merits hearing and all supporting evidence. We conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, see 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence supports the Board's decision. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Accordingly, we deny the petition for review for the reasons stated by the Board. In re Sanchez (B.I.A. Jan. 14, 2015). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

---

[*] Sanchez is the primary applicant for asylum and the claims of his wife and son are derivative of his application. See 8 U.S.C. § 1158(b)(3) (2012); 8 C.F.R. § 1208.21(a) (2015).

2